UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PATRICK SCOTT CARTWRIGHT, | Case No. 3:22-cv-01510-AA |
| Petitioner, | OPINION AND ORDER |
| v. | |
| OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION; LANE COUNTY PAROLE AND PROBATION, | |
| Respondent. | |

AIKEN, District Judge.

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds that trial counsel provided ineffective assistance in violation of his rights under the Sixth Amendment. Respondent argues that the Petition should be denied because it is untimely and barred from federal review. Because Petitioner did not seek federal habeas relief within the one-year statute of limitations, his Petition is time-barred and must be denied.

Page 1    - OPINION AND ORDER

DISCUSSION

In October 2015, Petitioner was convicted of Theft and Aggravated Theft and sentenced to a five-year term of imprisonment. Resp't Ex. 101. Petitioner directly appealed his convictions, and the Oregon Court of Appeals affirmed without opinion. Resp't Exs. 103, 105. Petitioner did not seek review with the Oregon Supreme Court, and on January 3, 2018, appellate judgment issued. Resp't Ex. 106. In March 2018, Petitioner sought post-conviction relief (PCR) in the Oregon courts and asserted several grounds for relief arising from counsel's alleged ineffective assistance. Resp't Ex. 107. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 118, 122-23. On October 7, 2023, appellate judgment issued. Petitioner now seeks federal habeas relief.

Respondent argues that Petitioner filed his federal Petition beyond the one-year statute of limitations and the Petition is barred from federal review. I agree.

Generally, a petitioner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A state court conviction becomes final, and the one-year statute of limitations begins to run, when direct review proceedings have concluded. *Id.* § 2244(d)(l)(A). The limitations period is tolled, however, during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Recently, the Ninth Circuit held that a state application for post-conviction relief is no longer "pending" when "no other state avenues for relief remain open," rather the date on which the state court issues final

judgment or mandate. *Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

In this case, Petitioner directly appealed his convictions, and on November 15, 2017, the Oregon Court of Appeals affirmed without opinion. Resp't Exs. 105. Petitioner did not file a petition for review with the Oregon Supreme Court, and the time to seek review on direct appeal expired thirty-five days later, on December 20, 2017. Or. R. App. P. 9.05(2)(a) (providing that "any party seeking to obtain review of a decision of the Court of Appeals shall file a petition for review in the Supreme Court within 35 days after the date of the decision of the Court of Appeals"). Petitioner's conviction thus became final on December 20, 2017, and the one-year statute of limitations began to run. 28 U.S.C. § 2244(d)(l)(A) (providing that statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

The statute of limitations ran for seventy-one days before Petitioner filed his PCR petition in state court on March 1, 2018. Resp't Ex. 107.[1] The limitations period was tolled, or stopped, during the pendency of Petitioner's PCR proceedings. 28 U.S.C. § 2244(d)(2). Petitioner unsuccessfully appealed the denial of PCR relief, and on August 26, 2021, the Oregon Supreme Court denied review. Resp. Exs. 118-19, 122. The time to seek reconsideration of the order denying review expired fourteen days later, on September 9, 2021. Or. R. App. P. 9.25(1) ("A party seeking reconsideration of a decision of the Supreme Court shall file a petition for reconsideration within

---

[1] Although Petitioner signed his PCR petition on February 23, 2018, Oregon has rejected the "mailbox rule" and the limitations period did not begin tolling until the state court received the petition on March 1, 2018. *See Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (federal courts look to state law to determine state post-conviction filing requirements); *Baldeagle v. Lampert*, 185 Or. App. 326, 330-32 (2002).

Page 3   - OPINION AND ORDER

14 days after the date of the decision."). No further avenues of PCR relief remained opened to Petitioner at that time, and the statute of limitations restarted on September 9, 2021.

The statute of limitations ran for another 392 days before Petitioner signed his federal habeas Petition on October 6, 2022. *See* Pet. at 15. In total, the statute of limitations ran for 463 days, beyond the one-year statute of limitations.

Petitioner nonetheless contends that his federal Petition should be deemed timely, because his PCR petition was pending until October 7, 2021, the date on which the Oregon courts issued appellate judgment. Petitioner maintains that the statute of limitations did not begin to run until that date, and he signed his federal Petition within one year of the appellate judgment. Petitioner's argument is unavailing.

In *Melville*, the Ninth Circuit explicitly rejected Petitioner's argument and instead held that a state PCR petition ceases to be "pending" when "no other state avenues for relief remain open" and not when the state court issues final mandate. *See Melville*, 68 F.4th at 1160-61. The Ninth Circuit reasoned that the state mandate in that case "did not extend the time for Melville to file a motion for reconsideration," and the petitioner therefore "could not properly seek relief" after the time to seek reconsideration expired. *Id.* at 1161. Similarly, no state PCR remedies remained available to Petitioner once he could not seek reconsideration of the Oregon Supreme Court's denial of review. Under the reasoning of *Melville*, Petitioner's PCR petition ceased to be pending when the time for seeking reconsideration expired.

Regardless of *Melville*, Petitioner's argument neglects to consider the seventy-one days that elapsed between the date his conviction became final and the date he filed his PCR petition in state court. Even if his PCR petition remained pending until October 7, 2021, Petitioner's federal habeas Petition is untimely.

Page 4    - OPINION AND ORDER

Petitioner also suggests that the untimeliness of his Petition should be excused because his appellate PCR counsel provided incorrect advice about the statute of limitations. Equitable tolling of the statute of limitations is available "only if extraordinary circumstances beyond" Petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases," as the "threshold" for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Appellate PCR counsel advised Petitioner that the statute of limitations "restarted" on October 7, 2021, the date on which PCR appellate judgment issued. *See* Pet'r Response to PPS Board Att. 1 at 2 (ECF No. 25-1). Appellate PCR counsel did not have the benefit of the *Melville* decision, and more importantly, counsel did not advise Petitioner that he had a full year from October 7, 2021 to file a federal petition. These circumstances do not support equitable tolling.

## CONCLUSION

The Second Amended Petition for Writ of Habeas Corpus (ECF No. 9) is DENIED as untimely. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 12th day of October, 2023.

                              /s/Ann Aiken
                            ANN AIKEN
                    United States District Judge